Kilbane, Administrative Judge,
concurs in part and dissents in part.
{¶ 45} I respectfully dissent from the majority’s determination that the trial court should have limited the amount of punitive damages to $7 million. I would conclude that plaintiff is entitled to $7 million in punitive damages from each defendant rather than $7 million in total punitive damages.
{¶ 46} R.C. 2315.21(D) sets forth certain limits on punitive damages and provides:
(2) Except as provided in division (D)(6) of this section, all of the following apply regarding any award of punitive or exemplary damages in a tort action:
(a) The court shall not enter judgment for punitive or exemplary damages in excess of two times the amount of the compensatory damages awarded to the plaintiff from that defendant, as determined pursuant to division (B)(2) or (3) of this section.
{¶ 47} The defendants maintain that because the trial court determined that they were jointly and severally liable to Luri in the amount of $3.5 million, this is the amount “awarded to the plaintiff.” Therefore, defendants claim that plaintiffs recovery of punitive damages is limited to two times this amount or a total of $7 million in punitive damages. This interpretation omits key terms of the statute, however, which calculates the punitive damages as “two times the amount of the compensatory damages awarded to the plaintiff from that defendant.” (Emphasis added.) Arbino v. Johnson & Johnson, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420 (“The statute limits punitive damages in tort actions to a maximum of two times the total amount of compensatory damages awarded to a plaintiff per defendant”). The determination of joint and several liability does not alter this analysis, as plaintiff has been awarded compensatory damages *696 “from that defendant.” There is no provision for limiting the awards where there are joint and several tortfeasors. I therefore dissent insofar as the majority has limited plaintiffs recovery to punitive damages in this matter to $7 million.